LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

NANCY AMHAZ,
*on behalf of herself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

    v.

BOOKING.COM (USA) INC.,
THE PRICELINE GROUP INC.
and JOHN DOES #1-10,

    Defendants.

Case No.:

CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

---

Plaintiff NANCY AMHAZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BOOKING.COM (USA) INC., THE PRICELINE GROUP INC. and JOHN DOES #1-10 (collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff further alleges that she was deprived her statutory rights as a result of Defendants' unlawful discrimination practices and sexual harassment pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action againt Defendants to recover (1) compensatory damages for emotional distress, (2) punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

6. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

7. Plaintiff NANCY AMHAZ is a resident of Clark County, Nevada.

8. Defendants BOOKING.COM (USA) INC. and THE PRICELINE GROUP INC. operate an online accommodation booking website under the trade name "Booking.com" and approximately twenty (20) support offices across the United States.

9. Defendant BOOKING.COM (USA) INC. is a Delaware business corporation, with a principal place of business located at 100 William Street, Room 300, New York, NY 10038 and an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, NY 12207. Defendants operate the support offices and hire employees in the United States for Booking.com through BOOKING.COM (USA) INC.

10. Defendant THE PRICELINE GROUP INC. is a Delaware business corporation, with a principal place of business located at 800 Connecticut Avenue, Norwalk, CT 06854 and an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendants JOHN DOES #1-10 constitute other entities that employed Plaintiff and/or represent the officers, directors and/or managing agents of the corporate defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the corporate defendants and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2 and the NYLL, and are jointly and severally liable together with the corporate defendants.

12. At all relevant times, each of the corporate defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Account Managers and Key Account Managers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek and improperly classifying non-exempt employees as exempt. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all Account Managers and Key Account Managers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of improperly classifying non-exempt employees as exempt, failing to pay overtime compensation, failing to provide proper wage statements, and failing to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

    (a)    Whether Defendants employed Plaintiff and Class Members within the meaning of the state labor laws;

    (b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class Members properly;

    (c)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

    (d)    Whether Defendants properly notified Plaintiff and Class Members of their pay rates;

    (e)    Whether Defendants paid Plaintiff and Class Members the proper overtime compensation;

    (f)    Whether the Defendants misclassified Plaintiff and Class Members as exempt from overtime;

    (g)    Whether Defendants provided proper wage statements to Plaintiff and Class Members; and

    (h)    Whether Defendants provided proper wage and hour notices to Plaintiff and Class Members.

## **STATEMENT OF FACTS**

25. Defendants operate an online accommodation booking website under the trade name "Booking.com." Defendants have appoximately twenty (20) offices located across the United States, where they hire employees to provide support for the business.

26. In or about April 2012, Plaintiff NANCY AMHAZ was hired by Defendants to work as an "Account Manager" at Defendants' Las Vegas office located at 3800 Howard Hughes Parkway, Las Vegas, NV 89169. In or about December 2014, Plaintiff NANCY AMHAZ was given the title "Key Account Manager" and relocated to Defendants' New York City office located at 100 William Street, New York, NY 10038. Plaintiff NANCY AMHAZ was employed by Defendants until in or about May 2015. At all times during her employment with Defendants, Plaintiff reported to the "Senior Account Manager."

27. Throughout her employment with Defendants, Plaintiff NANCY AMHAZ regularly worked more than forty (40) hours per week. Specifically, Plaintiff regularly worked forty-five (45) to fifty (50) hours per week as an Account Manager and sixty (60) to seventy (70) hours per week as a Key Account Manager. FLSA Collective Plaintiffs and Class Members worked similar hours that regularly exceeded forty (40) hours per week.

28. Throughout her employment with Defendants, Plaintiff was paid on a fixed salary basis. Plaintiff was never paid an overtime premium for hours worked in excess of forty (40) per week. Plaintiff never received any notice informing her that the fixed salary covered overtime hours. FLSA Collective Plaintiffs and Class Members were similarly compensated on a salary basis and never paid an overtime premium for hours worked excess of forty (40) per week.

29. The primary duties of Plaintiff and other Account Managers and Key Account Managers at all office locations were to contact prospective and existing hotel clients in a specific area, inform hotels about Booking.com and answer questions on how to use the website, check statistics and compare rates with competitors. During her employment with Defendants, Plaintiff or other Account Managers' and Key Account Managers' duties did not include managerial responsibilities or the exercise of independent business judgment. While they visited the hotels from time to time, most primary duties were conducted from Defendants' offices.

30. From in or about December 2015 when she was given the title "Key Account Manager," Plaintiff NANCY AMHAZ was constantly pressured by her supervisors (i.e. Senior Account Managers) to use her sex appeal with the clients. As a Key Account Manager, Plaintiff was mandated to meet clients after office hours at least two times per week and "entertain" them over dinner or cocktails. If Plaintiff did not attend at least two of these meetings with clients per week, she received negative feedback from her supervisors.

31. Plaintiff was regularly instructed by her supervisors to "look pretty" and flirt with the clients. Plaintiff was also told by her supervisors to hold her chest out and flaunt her cleavage when she is "entertaining" the clients. Such repeated instructions of sexual nature made Plaintiff feel extremely uncomfortable and pressured. After five months of enduring anguish and distress

under Defendants' sexually hostile work environment, Plaintiff was forced to leave her job in or about May 2016.

32. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation, in violation of the FLSA, NYLL and applicable state laws.

33. At no time during the relevant time periods did Defendants provide Plaintiff or Class Members with proper wage and hour notices or wage statements as required by the NYLL and applicable state labor laws.

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members, in violation of the state wage and hour law.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class Members, in violation of the state wage and hour law.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

42. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and New York Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

51. Defendants knowingly and willfully violated Plaintiff's and New York Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and New York Class Members, as required by New York Labor Law § 195(1).

53. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and New York Class Members with every wage payment, as required by New York Labor Law § 195(3).

54. Due to Defendants' New York Labor Law violations, Plaintiff and New York Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

### VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

55. Plaintiff realleges and reavers Paragraphs 1 through 54 of this class and collective action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the applicable state wage and hour laws.

57. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants knowingly and willfully failed to provide proper wage statements and notices to Plaintiff and Class Members, as required under the applicable state wage and hour laws.

59. Due to Defendants' state law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT IV

## **VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

60. Plaintiff realleges and reavers Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

62. Defendants violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to a sexually hostile work environment.

63. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

64. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

65. Due to Defendants' violation under the NYSHRL, based on sexual harassment and discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; (2) back pay; and (3) compensatory damages.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

66. Plaintiff realleges and reavers Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

68. Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff to a sexually hostile work environment.

69. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

70. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

71. Due to Defendants' violation under the NYCHRL based on sexual harassment and discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) back pay; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state laws;

b. A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA and the applicable state laws;

e. An award of statutory penalties as a result of Defendants' failure to comply with the wage notice and wage statement requirements under the applicable state laws;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the FLSA and/or and the applicable state laws;

g. An order awarding relief for Defendants' discriminatory conduct, including but not limited to back pay, compensatory and punitive damages;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated:   March 23, 2017                              Respectfully submitted,

                                                 By:       *s/ C.K. Lee*
                                                         C.K. Lee, Esq.

                                                         LEE LITIGATION GROUP, PLLC
                                                         C.K. Lee (CL 4086)
                                                         Anne Seelig (AS 3976)
                                                         30 East 39th Street, Second Floor
                                                         New York, NY 10016
                                                         Tel.: (212) 465-1188
                                                         Fax: (212) 465-1181

                                                         *Attorneys for Plaintiff, FLSA Collective*
                                                         *Plaintiffs and the Class*