UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

NANCY AMHAZ, *on behalf of herself, Collective Plaintiffs and the Class,*

                        Plaintiff,

    -against-

BOOKING.COM (USA) INC., THE PRICELINE GROUP INC., and JOHN DOES #1-10

                        Defendant.

------------------------------------------------------------X

Civ. No.:  17-cv-02120 (GBD)

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT ON BEHALF OF DEFENDANT BOOKING.COM (USA) INC**.

Defendant Booking.Com (USA) INC, by and through their undersigned counsel, Jackson Lewis, P.C., hereby files its Answer and Affirmative Defenses to Plaintiff Nancy Amhaz's Complaint ("Complaint") and states as follows:

## AS TO "INTRODUCTION"

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "1" of the Complaint.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "2" of the Complaint.

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "3" of the Complaint.

## AS TO "JURISDICTION AND VENUE"

4. Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of this Court as recited in Paragraph "4" of the Complaint.

5. Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except avers that Plaintiff purports to invoke venue of this court as recited in Paragraph "5" of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

## AS TO "PARTIES"

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in in Paragraph "9" of the Complaint, except admit that Booking.Com (USA), Inc., is a Delaware Corporation.

10. No response is required as the allegations set forth in Paragraph "10" of the Complaint are moot per Order dated May 16, 2017, Docket No. 15, dismissing Defendant The Priceline Group Inc. To the extent any allegations are not rendered moot, Defendant denies the remaining allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. No response is required to the allegations set forth in Paragraph "12" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant admits the allegations set forth in Paragraph "13" of the Complaint, expect denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint as pertaining to the alleged FLSA Collective Plaintiffs and Class Members.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. No response is required to the allegations set forth in Paragraph "16" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS"

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint and Defendant further denies the allegations set forth in subparagraphs (a) through (h) of Paragraph "24" of the Complaint.

### AS TO "STATEMENT OF FACTS"

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint, except avers that Defendant employed Plaintiff as an Account Manager and Key Account Manager during the relevant period.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint, except avers Plaintiff was compensated on a salary basis.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

## AS TO "STATEMENT OF CLAIM"

## AS TO "COUNT I"

## AS TO "VIOLATION OF THE FAIR LABOR STANDARDS ACT"

38. Defendant repeat and reallege each and every response to Paragraphs "1" through "37" of the Complaint as if set forth fully herein.

39. No response is required to the allegations set forth in Paragraph "39" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. No response is required to the allegations set forth in Paragraph "40" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "40" of the Complaint, except avers that Defendant employed Plaintiff.

41. No response is required to the allegations set forth in Paragraph "41" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

## AS TO "COUNT II"

## AS TO "VIOLATION OF NEW YORK LABOR LAW"

49. Defendant repeat and reallege each and every response to Paragraphs "1" through "48" of the Complaint as if set forth fully herein.

50. No response is required to the allegations set forth in Paragraph "50" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

## AS TO "COUNT III"

## AS TO "VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

55. Defendant repeat and reallege each and every response to Paragraphs "1" through "54" of the Complaint as if set forth fully herein.

56. No response is required to the allegations set forth in Paragraph "56" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

## AS TO "COUTN IV"

## AS TO "VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW"

60. Defendant repeat and reallege each and every response to Paragraphs "1" through "59" of the Complaint as if set forth fully herein.

61. No response is required to the allegations set forth in Paragraph "61" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

62. Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

## AS TO "COUNT V"

## AS TO "VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW"

66. Defendant repeat and reallege each and every response to Paragraphs "1" through "65" of the Complaint as if set forth fully herein.

67. No response is required to the allegations set forth in Paragraph "67" of the Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

### AS TO "PRAYER FOR RELIEF"

72. Defendant denies the allegations contained therein, including any claim for relief contained in the "WHEREFORE" clause, including specifically subparagraphs (a) through (l).

### AS TO "JURY DEMAND"

73. Defendant aver that Plaintiff demands a jury trial.

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

74. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS AND FOR A FIRST DEFENSE

75. Plaintiff fails to state a claim upon which relief may be granted, either on her behalf or on behalf of those persons whom she purports to represent.

### AS AND FOR A SECOND DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A THIRD DEFENSE

77. Plaintiff has been paid all wages due and owing and, as such, cannot state a claim upon which relief may be granted.

### AS AND FOR A FOURTH DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

### AS AND FOR A FIFTH DEFENSE

79. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

**AS AND FOR A SIXTH DEFENSE**

80.     Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

**AS AND FOR A SEVENTH DEFENSE**

81.     At all times relevant hereto, Defendant acted in good faith, with reasonable grounds for believing that Plaintiff was exempt from or otherwise paid in compliance with the minimum wage requirements under federal and state law, and did not violate any rights which may be secured to Plaintiff or to employees who are similarly situated under law, rule or regulation and inter alia are not liable for liquidated damages.

**AS AND FOR AN EIGHTH DEFENSE**

82.     Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

**AS AND FOR A NINTH DEFENSE**

83.     Plaintiff cannot establish a willful violation under the FLSA or any state wage and hour law.

**AS AND FOR A TENTH DEFENSE**

84.     Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

**AS AND FOR AN ELEVENTH DEFENSE**

85.     This case may not be maintained as a collective action because Plaintiff is not similarly-situated to the other individuals she purports to represent.

## AS AND FOR A TWELFTH DEFENSE

86.     Plaintiff lacks standing to be and is not adequate representatives of the putative class action and, as such, the Court should not authorize notice to be issued or a class action to be maintained under federal or state law.

## AS AND FOR A THIRTEENTH DEFENSE

87.     Plaintiff has not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTEENTH DEFENSE

88.     This case is not appropriate for class action certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class action members.

## AS AND FOR A FIFTEENTH DEFENSE

89.     Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A SIXTEENTH DEFENSE

90.     To the extent any members of the putative class action have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A SEVENTEENTH DEFENSE

91.     All claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits set forth in Federal or state law.

### AS AND FOR AN EIGHTEENTH DEFENSE

92. To the extent that Plaintiff failed to make good faith and diligent efforts to mitigate her purported damages and injuries, any relief awarded to Plaintiff should be reduced, in whole or in part.

### AS AND FOR A NINETEENTH DEFENSE

93. Plaintiff's claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendant reasonably believed in good faith that it was not required to provide the employee with notice pursuant to the law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A TWENTIETH DEFENSE

94. At all relevant times, Defendant acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights which may be secured to Plaintiff under any federal, state, city, or local laws, rules, regulations, codes, guidelines or common law and did not retaliate against Plaintiff.

### AS AND FOR A TWENTY-FIRST DEFENSE

95. While Defendant denies that Plaintiff's claims have any merit, to the extent Plaintiff suffered any adverse action, Plaintiff's claims fail, in whole or in part, because the conduct of which Plaintiff complains was neither severe nor pervasive enough to constitute a hostile work environment as a matter of law, and amounts to nothing more than petty slights and trivial inconveniences.

## AS AND FOR A TWENTY-SECOND DEFENSE

96. Any and all actions taken by Defendant with regard to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory business reasons and would have been taken regardless of Plaintiff's gender, or her exercise of any protected activity.

## AS AND FOR A TWENTY-THIRD DEFENSE

97. The Complaint is barred, in whole or in part, because: (a) Defendant exercised reasonable care to prevent and to correct promptly any alleged discriminatory conduct; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid her alleged harm.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff or any putative class action member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant respectfully request that the Court:

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Deny each and every demand and prayer for relief contained in the Complaint;

(c) Award Defendant reasonable attorney's fees and costs, incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JACKSON LEWIS P.C.<br>666 Third Avenue<br>New York, New York 10017<br>(212) 545-4000<br>MellkW@jackonlewis.com<br>Sarah.Hook@jacksonlewis.com |
|  | */s/ Wendy J. Mellk* |
| Dated: May 26, 2017<br>New York, New York | By: _____<br>Wendy J. Mellk (WM-1515)<br>Sarah K. Hook (SH-1005) |
|  | ATTORNEYS FOR DEFENDANT |

4847-9033-6329, v. 1