

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

MY DIRECT DIAL IS: 212-545-4073
MY EMAIL ADDRESS IS: WENDY.MELLK@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

November 29, 2017

## VIA ECF

Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

> Re: **Nancy Amhaz v. Booking.Com (USA), Inc.**
> **Case No.: 17-cv-02120 (GBD)**

Dear Judge Daniels:

We are counsel for Defendant Booking.Com (USA), Inc. ("Defendant") in the above-referenced matter. We write today pursuant to Your Honor's Individual Rules and Local Civil Rule 37.2 in opposition to Plaintiff's letter motion filed on November 22, 2017.

## I. Plaintiff's Letter Motion is Premature

Importantly, Plaintiff Nancy Amhaz ("Plaintiff") filed her Complaint on March 23, 2017 on behalf of herself and putative class members alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well on behalf of Plaintiff only alleging violations of the New York Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). On June 15, 2017, Your Honor, following an initial pre-trial conference, entered a Civil Case Management Plan with a discovery deadline of March 15, 2018. (*See dkt.* 21).

The case was referred to the Court's mandatory mediation program. Prior to the mediation, Defendant produced to Plaintiff documents as required by, and pursuant to, the Court's standard discovery protocols; Plaintiff produced none. The mediation was held on July 7, 2017. Notably the case was then inactive for the next three (3) months as Plaintiff did not serve discovery requests, deposition notices or otherwise pursue her case in any way. Plaintiff's counsel conveniently omits the fact it was only on October 6, 2017 (almost 6 months after filing the Complaint) when Plaintiff finally served written discovery requests and 4 deposition notices for Michelle Vrod, Matthias Schreiner, Amy Accettura and a 30(b)(6) witness.

Plaintiff had several months to commence discovery, yet chose to wait almost 6 months to serve discovery in this matter during the holiday season and Defendant's (a hotel industry

**jackson lewis.**

company) busiest time of the year. Despite this, Defendant has complied with its discovery obligations by serving timely objections and responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Documents Demands on November 6, 2017. On November 10, 2017 (4 days after serving Defendant's objections and responses) the parties met and conferred regarding Defendant's objections, and as set forth in our November 15, 2017 email (Plaintiff's Exhibit A), Defendant agreed to supplement its responses after Plaintiff's counsel clarified the nature of some of Plaintiff's requests. Our client diligently worked over the Thanksgiving holiday to gather the documents and we were able to serve our supplemental responses on November 28, 2017, along with a number of additional documents, including Defendant's personnel policies and job descriptions. A copy of Defendant's cover letter serving supplemental responses is attached hereto as **Exhibit A**.

Prior to Plaintiff's instant application, Defendant confirmed the depositions of its 30(b)(6) witness for December 4, 2017, as well as depositions of Michelle Vrod and Matthias Schreiner for January 9, 2018. The parties also scheduled Plaintiff's deposition for December 19, 2017. There are only two outstanding depositions that need to be scheduled – Angela Webb, a current employee residing in Nevada, and Amy Accettura, a former employee who resides in Michigan. It is quite telling that Plaintiff's counsel does not mention that he served a notice for Angela Webb's deposition on November 1, 2016 (only 21 days before Plaintiff's counsel filed the within letter), and Defendant immediately informed him that while we would produce her for her deposition, it would need to take place in Las Vegas (which Plaintiff agreed to do), and may take some additional time to coordinate travel schedules during the very busy holiday season. Defendant has been working to provide available dates, but asserts that it is not unreasonable that it would take more than 3 weeks (with one of those weeks being over the Thanksgiving holiday) to schedule Ms. Webb's deposition in Nevada. Similarly, Defendant has been working to confirm whether Ms. Accettura will appear for her deposition in Michigan without the need for a subpoena. As we advised on November 15, 2017, we were working to confirm dates for her deposition in Michigan as well, or alternatively would send Plaintiff's counsel her last known address to subpoena her. Regardless, we were able to confirm that Ms. Webb is available for deposition on January 12, 2018 in Nevada.

For the reasons set forth below, Defendant maintains its objections to Plaintiff's requests (e.g. Plaintiff's fishing expedition for information about putative class members), but was hopeful that the parties were working towards a resolution regarding the other requests (a mere 3 weeks after Defendant served its timely response) without the need for Court intervention. Nonetheless, Plaintiff's counsel chose to prematurely file the within letter motion - late in the afternoon on the day before Thanksgiving - after waiting several months to engage in discovery. While Defendant responds below to Plaintiff's motion, Defendant is seeking fees for the costs of responding to this Motion which was not only premature, but vexatious and designed solely to harass Defendant.

**jackson lewis.**

## II.   Plaintiff's Pre-Certification Class Discovery Requests Should Be Denied

Plaintiff's requests to engage in extremely burdensome and costly pre-certification class discovery is inappropriate at this juncture.[1]  Notably Plaintiff has not yet moved nor has the Court granted conditional certification of a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA") or for class certification under Federal Rules of Civil Procedure 23. In Wang v. The Hearst Corporation, No. 12-cv-793 (HB)(AJP) dkt. #19 (S.D.N.Y. May, 24, 2012), the Court denied plaintiff's request for putative class information because "it seems to me you are trying to get through the back door, part of the information that you'll only get otherwise if collective action status is granted."  Plaintiff is doing the same here.

Contrary to Plaintiff's assertions, while some courts have compelled such discovery, there is substantial case law in this Circuit *denying* pre-certification class discovery requests. See e.g., Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) ("[P]laintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification. Plaintiffs cannot take class action discovery, at great expense to defendants, as if their class motion already was granted."); Charles v. Nationwide Mut. Ins. Co., No. 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *23 (E.D.N.Y. May 27, 2010) ("refus[ing] to allow discovery of class members' identities at the pre-certification stage") (internal citation omitted); Klimchak v. Cardrona, Inc., No. CV 09-4311 (SJF)(ARL), 2010 U.S. Dist. LEXIS 112328, at *4 (E.D.N.Y. Oct. 21, 2010) ) ("[T]he discovery sought by the plaintiffs is improper because the class has not been conditionally certified, and thus, the plaintiffs' motion to compel is denied."); Palman v. CVS Caremark, No. CV 10-2075 (JFB)(ARL), 2011 U.S. Dist. LEXIS 102338, at *3 (E.D.N.Y. Sep. 12, 2011) (denying plaintiff's request to compel the production of documents relating to putative class members because a class had not yet been certified and the court's discretion to order class discovery is limited prior to certification).

Plaintiff has failed to articulate a sufficient basis – because there is none - to justify her entitlement to this incredibly widespread, confidential and intrusive discovery prior to, at the very least, conditional certification of a class.  The Court need only look at the language of Plaintiff's discovery requests to realize that Plaintiff's requests are nothing more than a fishing expedition. For example, Plaintiff seeks the following putative class information:

> All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing **all account managers or key account managers, former and current, nationwide, who worked for Defendant the last six (6) years**

---

[1]Defendant maintains its objections to all Interrogatories seeking information pertaining to putative class including Interrogatory No. 1, Interrogatory No. 2, and Interrogatory No. 17. Defendant further maintains it objections to all Document Requests seeking information pertaining to putative class members including Request No. 7, Request No. 9, Request No. 10, Request No. 11, Request No. 12, Request No. 13, Request No. 15, Request No. 16, Request No. 32, and Document Request No. 33.

> **("Covered Employees"), their wage, salary, commission, rate and method of pay, hours worked, job duties, general work policies they were to follow, arrival/departure from work, breaks taken, or any matters concerning their employment with Defendant.** *(Documents Request No. 7)*(emphasis added).

Plaintiff's requests are not only overly broad, incredibly and unrealistically burdensome and seek information not proportional to the needs of the case, but are also entirely premature. See Beverly Hills Cemetery Corp., Inc., No. 15-cv-5151 (CM)(BCM), dkt. # 54 (S.D.N.Y. Jan. 15, 2016) ("[P]laintiff's pre-certification discovery requests for individualized personnel records, individualized payroll records, and other individual wage and hour documentation are limited to the named plaintiff and any current or future opt-in plaintiffs."). Pre-certification discovery is intended to provide the Plaintiff an opportunity to explore facts of which she is already aware; it is not an opportunity to throw a myriad of allegations against the wall and see what sticks. See Charles v. Nationwide Mut. Ins. Co., No. 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *23 (E.D.N.Y. May 27, 2010) (denying pre-certification Rule 23 discovery because the plaintiff failed to make a showing of "a legitimate need for the requested information").

Similarly, a number of Plaintiff's requests seek information relating to "overlapping" employees, are nothing more than an attempt to seek putative class information. Notably, Plaintiff cites no authority in support of her claims that this information is relevant or proportional to the needs of the case.[2] Rather, and consistent with substantial case law in this circuit, Defendant has produced responsive information and documents pertaining to the named Plaintiff, as well as a 30(b)(6) witness to testify on December 4, 2017.

## III. Remaining Discovery Issues

**E-Discovery** *(Document Requests No. 5 and 31)*: While Defendant initially objected to Plaintiff's requests for e-discovery, during the parties meet and confer on November 10, Plaintiff's counsel clarified that he was only seeking emails between Michelle Vrod, Amy Accettura and/or Plaintiff concerning Plaintiff. As set forth in our November 15, 2017 email, Defendant does not object to this limited amount of e-discovery, and informed Plaintiff's counsel that Defendant would search and produce responsive documents. But as Plaintiff's counsel is well aware, the process of e-discovery is both tedious and time consuming and it is entirely unreasonable for counsel to assume Defendant would be able to propose terms, review and conduct a search of what will likely be a number of emails within less than three (3) weeks of him clarifying his request. Winfield v. City of New York, 15-CV-05236 (LTS) (KHP), 2017 U.S. Dist. LEXIS 194413, at *37 (S.D.N.Y. Nov. 27, 2017) (holding that defendants document production was responsive, and recognizing that the "holiday season is upon us and that the application of over 600 search terms and sorting of documents

---

[2] Defendant maintains its objections to all Interrogatories seeking information about all employees including Interrogatory No. 5, Interrogatory No. 6, and Interrogatory No. 7. Defendant further maintains it objections to all Document Requests seeking information relating to all employees including Request No. 17, Request No. 19. However Defendant has produced responsive information relating to Plaintiff's supervisors.

**jackson lewis.**

for review purposes will most likely not be completed in advance of [witness's] deposition."); and Wood v. Capital One Servs., LLC, Civ. Action No. 5:09-CV-1445 (NPM/DEP) 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y. April 15 2011) (holding that plaintiff requested such a large volume of information, that the marginal relevance of such information was far outweighed by the effort and expense of responding.) Defendant is in the process of conducting the agreed upon search and intends to produce responsive documents.

**Confidential Vendor/Business Information** *(Document Requests Nos. 35-42, Interrogatories Nos. 13-14, and 16, 30(b)(6) Witness Topics XIII, XIV, XV, XVI, XVII, XIX, XX).* Defendant maintains it objections to Plaintiff's document requests, interrogatories and 30(b)(6) witness topics as set forth in Defendant's November 15, 2017 correspondence. Plaintiff cites to no authority for why she would be entitled to information responsive to these overly broad a vexatious requests (primarily seeking information relating to vendors, loans and Defendant's bank accounts. Furthermore, Plaintiff's counsel, for the first time in his November 22 letter, clarified that he is seeking this information to demonstrate that Defendant had gross revenues in excess of $500,000 per annum and therefore is covered by the Fair Labor Standards Act. Notwithstanding Defendant's objections, Defendant will stipulate that it has gross revenues in excess of $500,000.

**Prior Complaints/Litigation:** *(Document Requests No. 25-30, Interrogatories Nos. 8-11, 30(b)(6) Witness Topics XI, XII)* Defendant maintains its objections to Plaintiff's document requests, interrogatories, and 30(b)(6) witness topics as set forth in Defendant's November 15, 2017 correspondence. Plaintiff only worked in Defendant's offices located in New York City and Las Vegas. As such Plaintiff's request is overly broad as "[d]iscovery [of prior complaints] is often limited to a plaintiff's employment department or unit." Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557 (S.D.N.Y. 2013); see, e.g., Sasikumar v. Brooklyn Hospital, No. 09-CV-5632, 2011 U.S. Dist. LEXIS 46768, (E.D.N.Y. May 2, 2011) ("[C]ourts in this circuit have frequently narrowed broad discovery requests for past complaints to those made by employees in a particular department or division." (citing Curtis v. Citibank, N.A., 70 F. App'x 20, 24 (2d Cir. 2003) ("[T]he district court acted within its discretion in rejecting plaintiffs' sweeping discovery request for all formal and informal complaints of racial and sexual harassment and discrimination throughout the company, and in limiting discovery to the plaintiffs' supervisors and to their division."). Plaintiff's request must be narrowly tailored to reflect the limited discovery authorized in this circuit.

## IV. Conclusion

As set forth above, Plaintiff commenced discovery on October 6, 2017 (after Plaintiff failed to pursue her case for several months). In the short period since Plaintiff served discovery requests, Defendant has not only responded to all of Plaintiff's discovery requests, but has confirmed 4 out of the 6 depositions noticed by Plaintiff's counsel, and following the parties meet and confer served a supplemental response to Plaintiff's discovery requests. Defendant asserts that while its supplemental production on November 28, 2017 resolves a number of Plaintiff's issues set forth in Plaintiff's November 22, 2017 letter, as Defendant communicated previously to Plaintiff's counsel, Defendant remains willing to continue to work with Plaintiff's counsel to resolve any outstanding

# jackson lewis.

issues.[3] However given that Plaintiff's motion is not only premature, but vexatious and designed solely to harass Defendant, Defendant is seeking fees for the costs of responding to this motion.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Wendy J. Mellk*

Wendy J. Mellk

cc:     All counsel (via ECF)

---

[3] Plaintiff recently served her discovery responses on November 20, 2017 and we will be sending Plaintiff a deficiency letter within the next few days to address her failure to appropriately respond to Defendant's discovery written discovery requests.

6

# EXHIBIT A

**jackson lewis**

Attorneys at Law

www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

My Direct Dial is: 212-545-4072
My Email Address is: SARAH.HOOK@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

November 28, 2017

**VIA UPS AND E-MAIL**

C.K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, 2nd Floor
New York, New York 10016

Re:     **Nancy Amhaz v. Booking.Com (USA), Inc.**
          **Case No.: 17-cv-02120 (GBD)**

Dear Mr. Lee:

As we previously discussed enclosed please find the following (i) Defendant Booking.Com (USA) Inc.'s Amended Objections and Responses to Plaintiff's First Set of Interrogatories (ii) Defendant Booking.Com (USA) Inc.'s Amended Initial Disclosures, and (iii) Documents Bates stamped D000126-D000332 which supplements Defendant Booking.Com (USA) Inc.'s Objections and Responses to Plaintiff's First Set of Document Requests.

Defendant's 30(b)(6) witness Sean Casady has verified Defendant Booking.Com (USA) Inc.'s Amended Objections and Responses to Plaintiff's First Set of Interrogatories. Mr. Casady has been traveling this month for business in Europe and is now on vacation in Hawaii until December 3, 2017. Mr. Casady is flying from vacation to New York to appear for the 30(b)(6) deposition on December 4, 2016 at 12:00 (noon) at your office and will provide you with the signed verification at his deposition.

Very truly yours,

JACKSON LEWIS P.C.

Sarah K. Hook

Enclosures

4810-8622-4471, v. 1