# LEE LITIGATION GROUP, PLLC

148 W. 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

July 24, 2019

**VIA ECF**
The Honorable Ona T. Wang, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Amhaz v. Booking.com (USA) Inc. et al*
>       Case No. 1:17-cv-2120-GBD-HBP

Dear Judge Wang:

We are counsel to Plaintiffs and write with the consent of counsel to Defendant, to respectfully request that the Court approve the parties' settlement agreements pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice.  Attached hereto as **Exhibits A**, **B**, **C**, and **D**, please find the settlement agreements signed by Plaintiffs Nancy Amhaz, Ravin Britt, Bret Hamilton, and Monica Hidalgo, respectively, and Defendant (the "Settlement Agreements").

The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $106,000 for Plaintiffs' wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiffs' Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreements, Defendant is paying the total sum of $106,000, of which $33,000 is being allocated to Plaintiff Nancy Amhaz; $13,000 to Plaintiff Raven Britt; $12,000 to Plaintiff Bret Hamilton; and $7,000 to Plaintiff Monica Hidalgo. Attached hereto as **Exhibit E** are Plaintiff Nancy Amhaz's damage calculations for her alleged unpaid compensation prepared by Plaintiffs' counsel, calculated to be $23,202.40 in back wages (100% recovery plus partial liquated damages). Attached hereto as **Exhibit F** are Plaintiff Raven Britt's damage calculations for her alleged unpaid compensation prepared by Plaintiffs' counsel, calculated to be $16,982.35 in back wages (76.6% recovery). Attached hereto as **Exhibit G** are Plaintiff Bret Hamilton's damage calculations for his alleged unpaid compensation prepared by Plaintiffs' counsel, calculated to be $23,157.75 in back wages (51.8% recovery). Attached hereto as **Exhibit H** are Plaintiff Monica Hidalgo's damage calculations for her alleged unpaid compensation prepared by Plaintiffs' counsel, calculated to be $33,481.50 in back wages (20.9% recovery).[1]

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. Therefore, they are a best-case scenario. Even though Defendant contests the facts alleged by Plaintiffs and takes the position that Plaintiffs were properly classified as exempt, Defendant has agreed to pay a portion of Plaintiffs' alleged back wages. If Defendant were to succeed at trial in establishing that Plaintiffs were correctly classified as exempt, or that they worked less hours than alleged, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payment they are receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Additionally, Plaintiff Nancy Amhaz's and Plaintiff Raven Britt's wage claims are precarious because they admitted to job duties and responsibilities that would otherwise cause them to be exempt, either as an outside sales person or a professional with discretionary authority. Plaintiffs believe the amount of $106,000 is a fair result, obtaining a portion of their alleged back wages while eliminating the risks of trial. Further litigation would be highly risky to Plaintiffs as they would face the possibility of receiving a smaller amount than what is allocated to them in the settlement.

---

[1] Ms. Hidalgo's claims that she was misclassified as exempt and not paid overtime when she worked more than 40 hours in a week relate to positions that she held with Defendant more than three years prior to her opting-in to this case and are therefore time barred under the FLSA.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendant were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties attended both a Court-Ordered mediation at the beginning of the case and a private mediation at the conclusion of discovery. At the private mediation, the parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive recovery of a portion of their alleged back wages, eliminating the burdens and costs of preparing a motion for class certification, opposing Defendant's anticipated motion for summary judgment, and preparing for and attending a trial.

**The Attorneys' Fees are Fair and Reasonable**

Of the $106,000 settlement amount, $41,000 is allocated to attorneys' fees and costs. Attached hereto as **Exhibit I** are Plaintiff's counsel's costs, totaling $10,725.72. The legal fees of $30,274.28 equal 28.6% of the settlement amount, less than one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees of $30,274.28 are fair and reasonable given the significant time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendant, preparing a Complaint, reviewing Defendant's Answer, preparing damages calculations, preparing for and attending multiple court conferences, preparing for and attending a Court-Ordered mediation and private mediation, preparing discovery requests, reviewing Defendant's discovery production, preparing Plaintiffs' discovery production, preparing for and attending depositions of Defendant's witnesses, preparing for and attending depositions of Plaintiffs, preparing a letter to the Court regarding discovery deficiencies, preparing and fully briefing a Motion for Conditional Certification, preparing for and attending a discovery hearing, negotiating with Defendant's counsel, correspondence with Defendant's counsel, correspondence with the Court, preparing and revising the Settlement Agreements, and preparing this submission. Specifically, three witnesses for Defendant and all four Plaintiffs were deposed across three different states. There was also a highly contested Motion for Conditional Certification that was fully briefed and resulted in Plaintiffs' counsel handling collective members who opted in, namely Plaintiff Bret Hamilton and Plaintiff Monica Hidalgo.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreements attached as **Exhibits A-D** and So Order the fully executed Stipulation and Order of Final Dismissal with Prejudice, attached hereto as **Exhibit J**. We thank Your Honor for considering this matter.


Respectfully submitted,

   /s/ C.K. Lee
C.K. Lee, Esq.

Encl.