USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 9 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NANCY AMHAZ, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*; RAVEN BRITT; BRET HAMILTON; MONICA HIDALGO,

Plaintiffs,

-against-

BOOKING.COM (USA) INC.; JOHN DOE'S #1-10,

Defendants.

MEMORANDUM DECISION AND ORDER

17 Civ. 2120 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Nancy Amhaz, on behalf of herself and others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law, alleging, *inter alia*, that Defendants failed to pay her overtime wages, did not provide wage statements and records, and engaged in "unlawful discrimination practices and sexual harassment." (*See* Compl., ECF No. 1, at ¶¶ 1–3.)

Before this Court is Magistrate Judge Ona T. Wang's October 29, 2019 Report and Recommendation (the "Report"), recommending that the parties' submission for settlement be approved as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* Report, ECF No. 111, at 8.) Magistrate Judge Wang advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

When considering a proposed settlement, a district court "must carefully scrutinize the settlement to ensure its fairness . . . and reasonableness." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citations omitted). Specifically, courts will consider several factors, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted).

After reviewing the terms of the proposed settlement agreement, Magistrate Judge Wang recommended that it be approved as fair and reasonable. (Report at 8.) In particular, Magistrate Judge Wang correctly concluded that based on the circumstances surrounding the negotiations, the range of recovery and litigation risks were not objectionable, the parties engaged in an arm's length negotiation, there was no evidence in the record reflecting fraud or collusion, and the proposed agreement did not include any objectionable provisions that courts have found inappropriate in proposed FLSA settlements. (*See* Report at 3–6.) Moreover, the proposed attorney's fees and costs fall within the range that courts in this Circuit typically approve as reasonable.

*See, e.g.*, *Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *2 (S.D.N.Y. Jan. 8, 2014).

For the reasons stated herein, this Court ADOPTS Magistrate Judge Wang's Report and approves the proposed settlement agreement.

Dated: New York, New York
June 24, 2020

JUN 29 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge